## Anthony v. Anthony

*Marceline A. Lavelle,* for plaintiff.
*Anthony W. DeBernardo Jr.,* for defendant.

BLAHOVEC, J., October 3, 1989 — This matter comes before this court sitting as the court en banc on preliminary objections filed on behalf of defendant, Joseph G. Anthony, to a petition for emergency relief under 42 Pa.C.S. §5341 et. seq. on behalf of the plaintiff, Terry N. Anthony. No testimony was presented by either party, so the court will base its determination on the pleadings as presented, as well as the arguments and briefs of counsel.

The petition was filed with this court on June 19, 1989 and was filed with a custody complaint. Service was made upon defendant on June 23, 1989 at Huntersville Prison in North Carolina, where he is incarcerated. Preliminary objections were filed on July 14, 1989.

Plaintiff currently resides at 1418 Pine Street, South Greensburg, Westmoreland County, Pennsylvania. Defendant's record address is Route 1, Box 218 Stanly, North Carolina. Since February 1988, he has been incarcerated in North Carolina.

The parties were married on June 22, 1985 in Denver, North Carolina. They are the parents of one minor child, Tony J. Anthony, born June 19, 1986. The child lived in North Carolina all of his life until June 2, 1989 when he moved with his mother to South Greensburg.

Defendant was convicted in 1986 of "indecent liberties" with plaintiff's 13-year-old daughter from

a prior marriage. He was sentenced to five years' incarceration. In July 1988 defendant was permitted family visits of six-hour and 48-hour durations. In May 1989, plaintiff began suspecting that defendant was sexually molesting the parties' minor son during these family visits.

An investigation was conducted by the Lincoln County, North Carolina Department of Social Services, and a report from that agency was forwarded to this court. The social worker in North Carolina substantiated the abuse case. The worker wrote "Mr. Anthony is a very dangerous man . . . and he's going to continue to molest children until it stops . . . " Mrs. Anthony returned to Pennsylvania to be with her family.

Both parties lived in Westmoreland County, Pa. for years prior to their move to North Carolina. The mother is now employed as a nurse at a local hospital and the child is presently under the care of a Westmoreland County pediatrician and psychologist.

The preliminary objections seek to have plaintiff's action dismissed for two reasons: (1) Pennsylvania is not the home state of the child pursuant to 42 Pa.C.S. §5344(1)(i); (2) It is not in the best interest of the child for this court to assume jurisdiction because the factors listed in section 5344(2) have not been met in that the father is in jail and incapable of abusing the child.

Clearly North Carolina is the home state of the child involved in this proceeding. Plaintiff and the child have only resided in Pennsylvania for about three months, and only a few weeks at the time of the filing of the complaint. The issue is to be examined as of the time the custody petition is filed and not at the time of subsequent hearings. *Scheafnocker v. Scheafnocker*, 356 Pa. Super. 118, 514

A.2d 172 (1986). The "home state" is that state in which the child has lived with a parent for at least six consecutive months immediately prior to the time involved. 42 Pa.C.S. §5344(a)(1)(i). Home state jurisdiction is considered the pre-eminent source of jurisdiction but may be outweighed where the connections between the home state and the child are less substantial than those of another jurisdiction which is not the home state.

The issue in the present case is whether a plaintiff may litigate her custody claim in Pennsylvania where she has only lived for a matter of days prior to the filing of the complaint rather than in North Carolina where the child has lived all his life.

The easy, apparently legally sound answer to that question is in the negative. This court has no reason to believe that the learned members of the North Carolina judiciary would be unable to protect the rights of all parties concerned. However, the peculiar facts of this case require closer scrutiny.

The court may assume jurisdiction if it is in the best interest of the child, the child and at least one contestant have a significant connection with the commonwealth, and there is available in the commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child. 42 Pa.C.S. §5344 (a)(2)(i) and (ii).

In this case, at the time of filing the action, this child had no significant connection with the commonwealth other than the fact his mother's family resides here. The fact that he now has a Pennsylvania psychologist and pediatrician indicates there will at some time in the future be evidence concerning the child's care, protection and training. No such evidence existed at the time of filing the action other than the testimony of plaintiff.

The statute provides that a Pennsylvania court may assume emergency jurisdiction where the child is physically present in the commonwealth and the child must be protected because he has been subjected or threatened with abuse, mistreatment or is otherwise neglected or dependent. 42 Pa.C.S. §5344.

The only justification for this court to assume jurisdiction under this provision are justice and propriety and physical or emotional harm to the child. *Warman v. Warman,* 294 Pa. Super. 276, 439 A.2d 1203 (1982).

Much argument was presented by counsel for plaintiff based on facts not in evidence. The court will not consider those purported facts. However, certain facts are clear.

(1) Defendant is incarcerated in North Carolina and in no position to assume custody of a three-year-old child.

(2) Defendant was convicted of indecent liberties with a 13-year-old stepdaughter.

(3) Defendant is a substantiated perpetrator of abuse regarding the subject child of this proceeding which abuse may have occurred while he was on "family visits" from jail.

(4) The investigating social service agency in North Carolina at least tacitly approved plaintiff's relocation to Pennsylvania.

(5) Plaintiff, as set forth in the records from Lincoln County, North Carolina, experienced a great deal of denial that her husband would molest two of her children and only believed it after support from her social worker. Plaintiff's move to Pennsylvania does not smack of forum shopping but rather finally attempting to get her life in order.

To require plaintiff, who has seen her husband convicted of molesting her daughter and has seen him listed as a substantiated perpetrator of abuse to

314

her son, to go to North Carolina to litigate custody seems to this court to be neither just nor proper. This court believes that, considering all the facts in existence at the time of filing, jurisdiction must be assumed to protect Tony J. Anthony from abuse. His mother took a first, positive step toward doing so by returning to Pennsylvania where her support network remains. Further steps may be taken in the Court of Common Pleas of Westmoreland County.

## ORDER OF COURT

And now, October 3, 1989, it is hereby ordered that defendant's preliminary objections are dismissed.